14 SEP 23 PM 3: 11

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DO1  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEWIS SIMS, CDCR #K-38609,<br><br>Plaintiff,<br><br>vs.<br><br>DR. CASIAN,<br><br>Defendant. | Civil No.   12cv3064 WQH (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; AND**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56**<br><br>**(ECF Doc. No. 44)** |

## I.

### PROCEDURAL BACKGROUND

Ronald Lewis Sims ("Plaintiff"), a former state inmate, proceeding pro se and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court directed the United States Marshal Service to effect service of Plaintiff's First Amended Complaint ("FAC") on March 22, 2014. Defendant filed her Answer to Plaintiff's FAC

on June 6, 2013. On June 20, 2014, Defendant filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 and for failure to exhaust administrative remedies. (ECF Doc. No. 44.)

The Court notified Plaintiff of the requirements for opposing summary judgment, including opposing a summary judgment brought on exhaustion grounds, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). (ECF Doc. No. 45.) Plaintiff filed his Opposition, to which Defendant filed her Reply. (ECF Doc. Nos. 46, 48.)

The Court has determined that Defendant's Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS[1]

In 2009, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See* FAC, ECF Doc. No. 6, at 3.) Plaintiff was seeking medical treatment for "back pain, knee pain and stomach problems." (*Id.*) Plaintiff was treated for these issues by Defendant, Dr. Casian. (*Id.*) However, Plaintiff claims that his conditions worsened over time due to Dr. Casian's alleged failure to provide adequate treatment. (*Id.*) Plaintiff complained to Dr. Casian that his issues were causing him pain and extending now to his "lower feet, leg and neck area." (*Id.*)

On November 3, 2010, Plaintiff was given an MRI by an outside physician which showed "moderately severe chronic disc degeneration, chodromalacia of the patella, femoral thinning and bone exposure." (*Id.*) Plaintiff claims these conditions have become worse over time and Dr. Casian failed to schedule him for surgery to correct these medical issues. (*Id.*) Plaintiff alleges Dr. Casian informed him he would have to try pain medication first before he would recommend surgery. (*Id.*) Plaintiff began pain

---

[1] These allegations are taken from Plaintiff's First Amended Complaint. (ECF Doc. No. 6.)

management but alleges that it "failed in giving Plaintiff needed relief" for his medical issues. (*Id.*) Plaintiff has also had physical therapy, three different pain medications, and steroid shots over a three (3) year period "with nothing helping his medical problems." (*Id.*)

Plaintiff submitted several "sick call" requests to be treated and was told by an unnamed nurse that Dr. Casian would have Plaintiff evaluated by an outside physician. (*Id.*) Plaintiff was also found to have a swollen prostate gland but alleges Dr. Casian "failed to follow up" on the recommendations of the urologist. (*Id.*) As a result, Plaintiff has had "pain when urinating and extreme pain in Plaintiff's anus area." (*Id.* at 6.) Plaintiff claims another inmate was experiencing the same symptoms and the other inmate was provided surgery while Plaintiff continues to be denied the same treatment. (*Id.*)

## III.
### DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

#### A. Standard of Review

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court shall consider all admissible affidavits and supplemental documents submitted on a motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, to avoid summary judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Rather, he must present "specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 256 (1986). The Court may not weigh evidence or make credibility determinations on a motion for summary judgment. Quite the opposite, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id.* at 255; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmovant's evidence need only be such that a "fair minded jury could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 255. However, in determining whether the nonmovant has met his burden, the Court must consider the evidentiary burden imposed upon him by the applicable substantive law. *Id.*

### B. Exhaustion of Available Administrative Remedies

Defendant argues that Plaintiff's entire action should be dismissed for failing to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e. (*See* Def.'s Memo of Ps & As in Supp. of Mtn. for Summ. Judg., ECF Doc. No. 44-2, at 14-18.)

#### 1. Standard

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental policies, decisions, actions, conditions, or

omissions that have a material adverse effect on the welfare of inmates and parolees." CAL. CODE REGS., tit. 15 § 3084.1(a) (2011). Prior to January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner would proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. CAL. CODE REGS., tit. 15 § 3084.1(a) (2010). However, in January 2011, the process was changed and prison regulations no longer required an inmate to submit to informal resolution. CAL. CODE REGS. tit. 15 § 3084.5 (2011).

### 2.  Administrative Grievances

Defendant argues that while Plaintiff submitted a number of grievances relating to his medical care, he completed the exhaustion process for only one of appeals and the process was completed after he filed his FAC in this matter.

In support of Defendant's argument that Plaintiff failed to properly exhaust his claims, Defendant supplies the declaration of R. Robinson, Chief of the Inmate Correspondence and Appeals Branch for the CDCR. (*See* Robinson Decl., ECF Doc. No. 44-6.) Robinson declares that his office was requested by the Attorney General's office to search their records for any appeals submitted by Plaintiff "between January 2012 and June 2014, concerning issues related to medical care" at RJD. (*Id.* at ¶ 5.) This search revealed "only one appeal for the third and final level of departmental administrative review, containing allegations related to medical care" at RJD. (*Id.* at ¶ 6.)

Defendant provides the appeal history for Plaintiff dating back 2008. (*See* Def.'s Not. of Lodgment, ECF Doc. No. 44-4, Ex. 1, California Correctional Health Care Services Appeal History for (B58662) Sims, Ronald.) Plaintiff's appeal regarding his prostate issues was submitted to the second level of review on October 11, 2013 and ultimately denied at the third level on February 20, 2014. (*Id.*, Tracking No. RJD HC 13049698.) Plaintiff's appeal regarding his hearing issues was submitted to the second

level of review on February 15, 2013 and partially granted on August 27, 2013. (*Id.*, Tracking No. RJD HC 13048065.)

Plaintiff filed his FAC on March 18, 2013 which is well before he received the notice from the third level of review that his appeal had been denied. The Ninth Circuit has held that "claims that arose as a cause of action prior to the filing of the initial complaint may be added to a complaint via an amendment, as long as they are administratively exhausted prior the amendment." *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014). Therefore, Plaintiff must provide evidence showing proper exhaustion of his claims in order to refute Defendant's showing that he exhausted his claims *after* he filed his FAC. However, a review of Plaintiff's Opposition indicates that he has failed to address this issue and he has provided no evidence to rebut Defendant's showing that he failed to properly exhaust his administrative remedies prior to the filing of his FAC.

Accordingly, Defendant's Motion for Summary Judgment for failing to properly exhaust his administrative remedies is **GRANTED**.

### C. Motion for Summary Judgment pursuant to FED.R.CIV.P. 56

In the alternative. Defendant moves for summary judgment of all of Plaintiff's Eighth Amendment claims. The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The Eighth Amendment's cruel and unusual punishments clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle*, 429 U.S. at 105. "Medical" needs include a prisoner's "physical, dental, and mental health." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

To show "cruel and unusual" punishment under the Eighth Amendment, the prisoner must point to evidence in the record from which a trier of fact might reasonably conclude that Defendant's medical treatment placed Plaintiff at risk of "objectively,

sufficiently serious" harm and that Defendant had a "sufficiently culpable state of mind" when she either provided or denied him medical care. *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal quotations omitted). Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Toguchi*, 391 F.3d at 1057 ("To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective and subjective components of a two-part test.'") (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)).

Although the "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 1999), the objective component is generally satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [that] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Clement*, 298 F.3d at 904 (quotations omitted); *Lopez*, 203 F.3d at 1131-32; *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

However, the subjective component requires the prisoner to also allege facts which show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). As stated above, "deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Toguchi*, 391 F.3d at 1057.

1    Inadequate treatment due to "mere medical malpractice" or even gross negligence,
2    does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Hallett*, 296 F.3d
3    at 744; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). In other words, an
4    "official's failure to alleviate a significant risk that he should have perceived but did not,
5    ... cannot ... be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838;
6    *Toguchi*, 391 F.3d at 1057 ("If a prison official should have been aware of the risk, but
7    was not, then the official has not violated the Eighth Amendment, no matter how severe
8    the risk.") (brackets, footnote and citations omitted)). The Eighth Amendment proscribes
9    only "the 'unnecessary and wanton infliction of pain,' [] includ[ing] those sanctions that
10   are 'so totally without penological justification that it results in the gratuitous infliction
11   of suffering.'" *Hoptowit*, 682 F.2d at 1246 (quoting *Gregg*, 428 U.S. at 173, 183).

     Plaintiff claims in his Opposition that "Dr. Casian denied and delayed Plaintiff's
access to medical treatment that had been diagnosed by a physician as mandating
treatment that if left unattended possessed a substantial risk of serious harm." (Pl.'s
Opp'n at 2.) Defendant Casian argues that during the twenty one (21) month period she
was acting as Plaintiff's primary physician she "prescribed [Plaintiff] at least twelve
different medications for hypertension, BPH, COPD, back pain and knee pain." (Def.'s
Memo of Ps & As at 17; *see also* Caspian Decl. at ¶ 5.) In addition, Defendant Casian
argues that under her care, Plaintiff received "physical therapy and steroid or other
injections for treatment of his back and knee," along with approving accommodations
for Plaintiff to be housed on a lower tier of housing with a lower bunk and referring him
for 'several laboratory and diagnostic tests' with outside medical specialists." (*Id.* at 17-
18; *Id.*)

     Defendant Casian also supplies the declaration of an expert witness, Paulette
Finander, M.D., M.B.A, C.C.H.P, who states that "Dr. Casian's care of Mr. Sims was
medically appropriate and consistent with the evidence based [on] current standard of
medical care." (Finander Decl. at ¶ 10.) Plaintiff argues that Defendant Casian was
deliberately indifferent by failing to provide surgery for his prostate condition as

recommended by another physician. (*See* Pl.'s Opp'n at 5-8.) Plaintiff contends that he had a medical consultation with Dr. Fawcett on May 18, 2012 and claims Dr. Fawcett informed him that the medication was no longer working and surgery was the only option. (*Id.* at 6.) Plaintiff supplies the "Telemedicine Custody Consultation Report" prepared by James Fawcett, M.D. on May 18, 2012 to support his claim that surgery for his prostate was required sooner than he received it. (*See* Pl.'s Opp'n, Ex., ECF Doc. No. 46-1, at 3.) In this report it states that Plaintiff "understands that he is probably going to be needing a surgical remedy for his prostate as these medications continue to wear thin." (*Id.*) However, this merely states that he will likely need surgery and does not support Plaintiff's argument that there was a specific time frame by which he should have surgery.

Dr. Finander declares that Plaintiff "had appropriate treatment of his benign prostatic hypertrophy ('BPH' or enlarged prostate)." (Finander Decl. at ¶ 14.) She further notes that Defendant Casian increased Plaintiff's medication and then referred Plaintiff in April of 2013 to a urologist "for consideration of possible surgical treatment of BPH when she determined that conservative treatment with medication was no longer effective." (*Id.*) Dr. Finander opines that the course of treatment prescribed by Defendant Casian was "medically appropriate." (*Id.*)

Plaintiff's unsupported allegations that he should have received surgery sooner is merely a difference of opinion and insufficient to defeat Defendant's showing that there was no deliberate indifference to Plaintiff's medical needs. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (Holding that a mere difference of opinion between the prisoner and his doctors does not constitute deliberate indifference.) When the moving party meets its initial obligation demonstrating that no genuine issue exists, the burden shifts to the opposing party to establish that a genuine issue of material fact does exist. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Plaintiff "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993).

Plaintiff does not address any of his other medical issues in his Opposition and fails to supply any evidence to contradict the showing by Defendant that the medical care provided Plaintiff met the appropriate standard of care. Even reviewing all the facts in the light most favorable to Plaintiff, the evidence in the record demonstrates that Defendant Casian provided Plaintiff with adequate medical care. Plaintiff has failed to provide any evidence that would create a genuine issue of material fact with respect to his claim that the treatment provided by Dr. Casian was inadequate or that Defendant Casian was deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 106. Therefore, the Court GRANTS Defendant Casian's Motion for Summary Judgment as to all claims against her.

## IV.
### CONCLUSION AND ORDER

For all the reasons set forth above, the Court hereby:

(1) GRANTS Defendant's Motion for Summary Judgment on exhaustion grounds pursuant to FED.R.CIV.P. 56 (ECF Doc. No. 44); and

(2) GRANTS Defendant's Motion for Summary Judgment as to all claims pursuant to FED.R.CIV.P. 56(c). (ECF Doc. No. 44.)

The Clerk of Court shall enter judgment for Defendant and close the file.

**IT IS SO ORDERED.**

DATED: 9/22/14

HON. WILLIAM Q. HAYES
United States District Judge